CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 27 2019

JULIA C. DUDLEY, CLERK
BY: /s/ A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal Action No. 5:08CR00039-02 |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| DELANTE ROPER, | ) |
| | ) By: Hon. Glen E. Conrad |
| Defendant. | ) Senior United States District Judge |

Defendant Delante Roper, through counsel, has filed a motion for reduction of sentence pursuant to the First Step Act of 2018. The government has not opposed the defendant's motion. For the following reasons, the motion will be granted.

On February 5, 2009, a grand jury in the Western District of Virginia returned a multi-count superseding indictment against Roper and several co-defendants. On August 26, 2009, a jury convicted Roper of conspiracy to distribute 5 grams or more of cocaine base (a lesser-included offense of Count One), in violation of 21 U.S.C. § 846; distribution of cocaine base (Counts Four and Eight), in violation of 21 U.S.C. § 841(a)(1); and possession with intent to distribute cocaine base (Count Ten), in violation of 21 U.S.C. § 841(a)(1). Prior to trial, the government filed a notice of enhanced punishment pursuant to 21 U.S.C. § 851. As a result of the prior felony drug conviction listed in the notice, Roper was subject to a mandatory minimum term of imprisonment of 10 years to life for the conspiracy offense with which he was convicted. See 21 U.S.C. § 841(b)(1)(B) (2006).

Roper appeared for sentencing on November 12, 2009. At that time, he was found to qualify as a career offender under § 4B1.1 of the United States Sentencing Guidelines. The career-offender designation, coupled with the "offense statutory maximum," produced a base offense level of 37 and a criminal history category of VI. See U.S.S.G. § 4B1.1(b). The resulting Guidelines range of imprisonment was 360 months to life. The court ultimately

sentenced the defendant to a total term of imprisonment of 360 months, with 240 months to be served concurrently with a 322-month sentence imposed by the Northern District of West Virginia in Criminal Action No. 3:08CR00059.

Roper has moved for a sentence reduction under the First Step Act of 2018. Section 404 of the First Step Act permits the court to retroactively apply the statutory penalties modified by the Fair Sentencing Act. See First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194 (enacted Dec. 21, 2018); see also 18 U.S.C. § 3582(c)(1)(B) (authorizing courts to modify a sentence of imprisonment "to the extent otherwise expressly permitted by statute"). Section 404 provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Pub. L. No. 115-391, § 404(b). The Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties of which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." Id. § 404(a).

In this case, it is undisputed that the conspiracy offense with which Roper was convicted is a "covered offense" for purposes of the First Step Act. The offense was committed before August 3, 2010, and the applicable statutory penalties were modified by section 2 of the Fair Sentencing Act, which "reduced the statutory penalties for cocaine base offenses" in order to "alleviate the severe sentencing disparity between crack and powder cocaine." United States v. Peters, 843 F.3d 572, 575 (4th Cir. 2016) (citing Fair Sentencing Act of 2010, § 2, Pub. L. No. 111-220, 124 Stat. 2372, 2373 (codified at 21 U.S.C. § 841(2012))). As relevant in the instant case, section 2 of the Fair Sentencing Act increased the amount of cocaine base required to trigger the statutory penalties set forth in § 841(b)(1)(B) from 5 grams to 28 grams. See Pub. L.

2

No. 111-220, § 2(a)(1), 124 Stat. at 2372; see also 21 U.S.C. § 841(b)(1)(B) (2012). Accordingly, the court is authorized to "impose a reduced sentence as if [section 2] were in effect at the time the covered offense was committed." 115 Pub. L. 391, § 404(b).

When the Fair Sentencing Act is retroactively applied in the defendant's case, the statutory sentencing range for the conspiracy offense is up to 30 years' imprisonment, based on the quantity of cocaine base found by the jury. See 21 U.S.C. § 841(b)(1)(C) (2012) (setting forth the statutory penalties applicable to offenses involving less than 28 grams a mixture or substance containing cocaine base). The guideline range of imprisonment that now applies in the defendant's case, based on a statutory maximum sentence of 30 years, is 262 to 327 months.

Upon review of the record, the court concludes that a sentence reduction is warranted in the defendant's case. After considering the arguments made in support of the motion, the defendant's positive institutional record, and the sentencing factors set forth in 18 U.S.C. § 3553(a), the court will impose a reduced term of imprisonment of 262 months, with 240 months to run concurrently with the defendant's other federal sentence. All other terms of the original sentence will remain the same.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant, all counsel of record, the United States Probation Office, and the United States Marshals Service, for delivery to the Bureau of Prisons.

DATED: This 27th day of August, 2019.

_____
Senior United States District Judge